IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SENQUE SANTANZE WRIGHT**                                                        **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO. 1:13cv432-HSO-RHW**

**PEARL RIVER COUNTY**                                               **DEFENDANT**

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Before the Court is [34] Defendant's July 9, 2014 motion for summary judgment in this *pro se* prisoner's civil rights lawsuit filed November 20, 2013 pursuant to 42 U.S.C. § 1983, while the Plaintiff Senque Santanze Wright was incarcerated in the Pearl River County jail. According to Wright's last change of address filed with the Court, he is now incarcerated in Lamar County, MS, as a result of a July 2, 2013 arrest for felony possession of a controlled substance. [34-10]

Background

On June 28, 2011, Senque Santanze Wright pled guilty in Pearl River County Circuit Court to conspiracy to possess precursor chemicals. The court accepted his plea, but withheld adjudication of guilt pursuant to MISS. CODE ANN. § 99-15-26, and placed Wright on non-adjudication probation for five years. [34-1] Less than six months later, on December 5, 2011, Detective Rob Williams arrested Wright for new drug charges and robbery. [34-3], [34-4], [34-6] The December 2011 arrest led to the Mississippi Department of Corrections (MDOC) placing a hold on Wright for violating his probation [34-3], and on March 7, 2012, Wright waived his right to preliminary probation revocation hearing. [34-7] Wright stated he "got revocated (*sic*), but [he] didn't get violated. But at the same time, [his] probation officer didn't lift [his] hold, so [he] couldn't bond out." He later stated he was not revoked, but put back on probation. [34-11, p. 12]

Before filing the present lawsuit, Wright had filed a § 1983 lawsuit against Pearl River County Sheriff David Allison and several jail officers, seeking damages for injuries resulting from a slip and fall in the jail, for denial of adequate medical care, use of excessive force by an officer, retaliatory placement in solitary confinement for three and a half weeks, and being forced to crawl from one cell to another without assistance of a wheelchair.[1]  On February 28, 2014, this Court dismissed that case, finding that Wright failed to exhaust his administrative remedies as to the claims against the sheriff and officers Graham, Flowers, Ford and Adams, and granting summary judgment in favor of the remaining defendant, Nurse Julia Kennedy, on Wright's medical claim.  *Wright v. Graham, et al.*, Civil Action 1:12cv267-RHW.

## Facts and Procedural History

In the present action, Wright originally claimed he was falsely arrested by Detective Rob Williams on December 5, 2011 on charges of robbery and conspiracy to transfer crack, oxycodone, and crystal meth, and that he was consequently falsely imprisoned on the charges. Wright was indicted June 14, 2012 for conspiracy to possess methamphetamine, one of the charges from the December 2011 arrest.  [34-2]  The trial court entered an order *nolle prosequi*,[2] *i.e.*, abandonment of prosecution, in that case on April 10, 2013.  [34-9]

At a *Spears*[3] hearing on April 30, 2014, Wright announced he wanted to dismiss the false arrest and false imprisonment claims in the present case, as well as all claims against Detective

---

[1] The prior lawsuit was filed  August 31, 2012, when Wright had actually been in jail for over eight months following the December 2011 arrest, yet he made no mention in that case of anything amiss regarding the arrest or his continued detention for the December 2011 charges.

[2] *Nolle prosequi* is not a true dismissal, as it does not prevent the State from re-indicting an accused on the same offense after its entry.  *Duncan v. State*, 939 So.2d 772, 776 (Miss.  2006).

[3] *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985).

Williams whom he had decided had done nothing to violate his rights, because Williams "was doing his job because he got a complaint." [34-11, p. 7]  Wright stated he instead wanted to amend his complaint to assert claims against only Pearl River County for denying him a speedy trial on the December 2011 drug charge (even though the charge had been dropped in state court over seven months earlier) and search and seizure violations under the Fourth and Sixth Amendments.  He stated at the hearing that he was being held on other charges at that time. [34-11, pp. 4-7]  Wright indicated he wanted to pursue a claim for the 16 months he had spent in jail before the December 2011 drug charge was *nolle prossed*. [34-11, p. 8]  On June 5, 2014, Wright filed [32] an amended complaint, alleging Pearl River County violated his right to speedy trial and unlawfully seized him.

      Pearl River County claims it is entitled to summary judgment because Plaintiff has failed to show that any official policy or custom of the County was the moving force which led to the constitutional violations Wright claims.

Summary Judgment Standard

      Pursuant to Rule 56(a), FED.R.CIV.P., summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted.  *Celotex Corp.*, 477 U.S. at 324-25.  The non-movant may not rest upon mere allegations or denials; conclusory allegations will not suffice to defeat a summary judgment motion.  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  To rebut a properly supported motion for summary judgment, the opposing party must

show by "significant probative evidence" that there exists a genuine issue of material fact. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). A material fact is one that might affect the outcome of the suit under the governing law; a genuine dispute exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## Law and Analysis

Even had Wright not dismissed his claims against arresting officer Williams, Pearl River County could not be held liable under § 1983 based on supervisory liability or *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 n.58 (1978). There must be more than the right to control employees, or simple awareness of employees' misconduct. *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003). Governmental entities are "responsible only for [their] own illegal acts" and are "not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011)(citations omitted).

To establish a foundation for a claim against Pearl River County, Wright had the burden of coming forward with evidence that the constitutional violations he claims in this lawsuit resulted from some official policy, custom or practice of Pearl River County. *See*, *Monell*, 436 U.S. at 690-692. Pearl River County can be held liable under § 1983 only if it subjected Wright to a deprivation of rights or caused him to be subjected to such deprivation. *Connick*, 131 S.Ct. at 1359. Wright was obligated to produce evidence that the unconstitutional conduct he asserts was "directly attributable to [Pearl River County] through some sort of official action or imprimatur." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Wright has presented no such evidence; he has failed to even identify any custom, policy or practice of Pearl River County as the moving force behind the constitutional violations he alleges.

Wright first claims the County denied him a speedy trial on his indicted charge from the December 2011 arrest, a charge that was *nolle prossed* long before he filed this lawsuit.  He makes confusing statements in his pleadings that he is not suing because he was not tried in a timely fashion or did not get a speedy trial, but because he "was denied a speedy trial..." [36, p. 1]  He appears to be demanding damages for the time he spent in jail, although he dismissed his claims against the arresting officer along with his claims for false arrest and false imprisonment.  Official records plainly show that Wright was indicted on the December 2011 drug charge, which, along with the MDOC hold for probation violation is why he remained in jail.  He was promptly released following the entry of the *nolle prosequi* order.[4]

Pearl River County points out it is not the County, but the District Attorney that is statutorily charged with the duty to prosecute criminal cases.[5]  "Decisions whether to prosecute or file criminal charges against another individual are made by the executive branch of government and lie within the prosecutor's total discretion..." *Hall v. Dauterive*, 2010 WL 5559759, at *5 (W.D. La. Nov. 4, 2010), report and recommendation adopted, 2011 WL 71390 (W.D. La. Jan. 10, 2011).  Wright's speedy trial claim against the County regarding the *nolle prossed* 2011 drug charge fails for lack of evidence that the County had any duty to bring him to trial, and for lack of evidence of any County custom, policy or practice which led to denial of speedy trial.  "Municipal liability inures only when the execution of a local government's policy or custom causes the injury." *Baker v. Putnal*, 75 F.3d 190, 199-200 (5th Cir. 1996).

---

[4]The order was entered April 10, 2013.  On April 15, 2013, the Clerk received from Wright a notice of change of address which was filed as document [29] in case number 1:12cv267.  The postmark on the envelope in which the address change was received by the Clerk appears to be April 11, 2013, which would comport with the Clerk's receipt of the document in the mail on Monday, April 15, 2013.  In the document, Wright stated he had been released from the jail and he provided his new free-world address.  He was back in jail less than three months later, following his July 2, 2013 arrest on new drug charges. [34-10]

[5]MISS. CODE ANN. § 25-31-11

Wright's unconstitutional seizure claim is difficult to understand given that during the *Spears* hearing he dismissed his false arrest and false imprisonment claims, as well as all claims against the arresting officer, Detective Williams. While Fourth Amendment claims are appropriate when the complaint concerns the method or basis of the arrest and seizure of a person, the Fourth Amendment does not apply when the challenge is to continued incarceration. *Brooks v. George County, Mississippi*, 84 F.3d 157, 166 (5th Cir. 1996). "The Fourth Amendment is inapplicable to a pretrial detainee who was properly arrested and is awaiting trial." *Id.*, at 167. Since Wright admits Detective Williams did not violate his constitutional rights, he can hardly claim Williams had no probable cause to arrest him. Furthermore, there is no dispute that Wright's case was admittedly presented to a justice court judge who conducted a preliminary hearing and to the Grand Jury which indicted Wright on the December 2011 drug charge. [36, pp. 2-3] "It is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994), overruled on other grounds by *Castellano v. Fragozo*, 352 F.3d 939, 949 (5th Cir. 2003) (en banc). Plaintiff's Fourth Amendment claim regarding his detention after the arrest on the December 2011 drug charge does not state a claim cognizable under § 1983.

To the extent that Wright may be asserting a procedural due process violation with respect to his December 2011 arrest, the evidence before the Court leaves it indisputable that following his arrest he was promptly given an initial appearance, appointed counsel, had bonds set and had preliminary hearings set and heard on the charges. [34-3] through [34-6] In addition, Wright thereafter waived his rights to a preliminary probation revocation hearing and to notice and/or a waiting period prior to probation revocation hearing [34-7], and the Circuit Court set

bond on his indicted charge.  [34-8]  Wright has not identified any further process he claims was due him, other than his statement that, "At some point between the time of arrest and the time of indictment [he] should have been released..." [32, p. 2]  Release from confinement is not an available remedy under § 1983; a request for such relief is instead a matter which must be pursued via habeas corpus.  The difficulty Wright faces is that by the time he filed this lawsuit, he was neither detained nor facing further proceedings on the December 2011 drug charge which had been nolle prossed several months earlier.  In any event, once again, Wright has presented no evidence that his pre-trial detention was caused by any policy, practice or custom of Pearl River County, or that Pearl River County.

Any allegation that his pretrial detention amounts to a substantive due process violation would have placed the burden on Wright to show the state official's conduct shocks the conscience, that "the state official acted with culpability beyond mere negligence." *McClendon v. City of Columbia*, 305 F.3d 314, 326 (5th Cir. 2002).  Wright dismissed the only officer he ever sued, admitting Detective Williams had done nothing wrong and had in no way violated his constitutional rights, and he has produced no evidence of wrongdoing by Pearl River County upon which liability could be imposed upon the County under § 1983.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the motion for summary judgment filed by Pearl River County be granted and this case, dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, after service of a copy of this Report and Recommendation, each party has fourteen days to serve and

file written objections to the Report and Recommendation. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge. Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 7th day of November, 2014.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE