IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SENQUE SANTANZE WRIGHT**                                                  **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 1:13cv432-HSO-RHW**

**PEARL RIVER COUNTY**                                          **DEFENDANT**

**<u>ORDER OVERRULING PLAINTIFF'S [45] OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S [43] PROPOSED FINDINGS OF FACT AND RECOMMENDATION, GRANTING DEFENDANT'S [34] MOTION FOR SUMMARY JUDGMENT, AND DISMISSING CASE</u>**

This matter comes before the Court on Plaintiff Senque Santanze Wright's Objections [45] to the Proposed Findings of Fact and Recommendation [43] of United States Magistrate Judge Robert H. Walker, entered in this case on November 7, 2014, regarding Defendant Pearl River County's Motion for Summary Judgment [34]. Based upon his review of Defendant's Motion, related pleadings, and relevant legal authority, the Magistrate Judge recommended that Defendants' Motion for Summary Judgment [34] be granted and that this case be dismissed. Proposed Findings of Fact and Recommendation [43] at 7. After thoroughly reviewing Plaintiff's Objections, the Magistrate Judge's Proposed Findings of Fact and Recommendation, Defendant's Motion for Summary Judgment, the record, and relevant legal authorities, the Court finds that Plaintiff's Objections [45] should be overruled and that the Magistrate Judge's Proposed Findings of Fact and Recommendation [43] should be adopted as the finding of the Court. Defendant's Motion for Summary Judgment [34] should be granted, and this case dismissed

with prejudice.

## I. BACKGROUND

A.  Factual Background

Sometime prior to June 28, 2011, the Grand Jury of Pearl River County, Mississippi, returned an indictment charging Plaintiff Senque Santanze Wright ("Plaintiff" or "Wright") with conspiracy to possess precursor chemicals in violation of Mississippi Code § 97-1-1.  Circuit Court Order [34-1] at 1.  Plaintiff pled guilty to the charge.  *Id.*  The Circuit Court of Pearl River County, Mississippi, ordered that "no judgment on the plea of guilty shall be entered pursuant to Section 99-15-26, Mississippi Code of 1972, as annotated and amended."  *Id.*  The Circuit Court withheld adjudication of Plaintiff's guilty plea for a period of five years pending the completion of certain conditions by Plaintiff, including committing "no offense against the laws of [Mississippi] or any other state of the United States, or the laws of the United States . . . ."  *Id.*  Any violation of these conditions "shall be just cause for [the Circuit] Court, in its discretion, to adjudicate [Wright] to be guilty of the charge and sentence [Wright] as provided by law."  *Id.*

Detective Rob Williams ("Detective Williams") arrested Plaintiff on December 5, 2011, for robbery and for conspiracy to transfer and possess controlled substances.  Intake Report [34-3] at 1; Certificates [34-4] at 1-3.  Because these new charges represented a probation violation, the Mississippi Department of Corrections ("MDOC") placed a "hold" on Plaintiff.  *See* Intake Report [34-3] at 1. On December 7, 2011, Plaintiff made an initial appearance on the robbery and drug

charges before a Pearl River County, Mississippi, Justice Court judge, and an attorney was appointed to represent Plaintiff. Certificates [34-4] at 1-3; State Court Docket [34-5] at 1. The Justice Court found sufficient probable cause for Plaintiff's arrest. State Court Docket [34-5] at 1. On March 7, 2012, Plaintiff waived his right to a preliminary probation revocation hearing. Waiver [34-7] at 1-3.

The Grand Jury of Pearl River County subsequently returned an indictment on June 14, 2012, charging Plaintiff with conspiracy to possess a controlled substance, specifically methamphetamine, on or about December 5, 2011. Indictment [34-2] at 1. On the same day, a bond was set for Plaintiff at $5,000.00. Bond Order [34-8] at 1. On April 10, 2013, upon the State's *ore tenus* motion and "due to the absence of a necessary party," the Circuit Court of Pearl River County entered an Order of *Nolle Prosequi* on the charge, dismissing the criminal action without prejudice to the State. Order of *Nolle Prosequi* [34-9] at 1. Plaintiff was again arrested for a controlled substance violation in July 2013. Intake Report [34-10] at 1-2. He is currently incarcerated in the Pearl River County Jail. Change of Address [48] at 1.

B.  Procedural History

Plaintiff filed a Complaint [1] in this Court on November 20, 2013, pursuant to 42 U.S.C. § 1983, stemming from the December 5, 2011, arrest. Plaintiff named Pearl River County and Detective Williams as Defendants. After the Court conducted a hearing on April 30, 2014, the Magistrate Judge entered an Order [23] dismissing the case as to Detective Williams based upon Plaintiff's statement that

he desired to dismiss his case as to Detective Williams.  Order [23] at 1.  Plaintiff filed an Amended Complaint [32] on June 5, 2014, naming Pearl River County as the sole Defendant.  Plaintiff asserts § 1983 claims against Pearl River County for denying him a speedy trial and for illegal search and seizure.  Am. Compl. [32] at 1.

Pearl River County filed a Motion for Summary Judgment [34] on July 9, 2014.  With respect to Plaintiff's alleged constitutional violations, Pearl River County argues that Plaintiff has failed to demonstrate that any constitutional violation he suffered was inflicted pursuant to an official policy or custom of the County.  *Id.* at 4-6 (citing *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

C.   Magistrate Judge's Proposed Findings of Fact and Recommendation

The Magistrate Judge entered a Proposed Findings of Fact and Recommendation [43] on November 7, 2014.  The Magistrate Judge found no allegation of wrongdoing by Pearl River County upon which liability could be imposed under § 1983.  Proposed Findings of Fact and Recommendation [43] at 7.  The Magistrate Judge determined that Plaintiff presented no evidence that any of his alleged constitutional violations were caused by any policy, practice, or custom of Pearl River County.  The Magistrate Judge therefore recommended that Pearl River County's Motion for Summary Judgment be granted and this case be dismissed.

D.   Plaintiff's Objections

Plaintiff timely submitted seven Objections [45] to the Proposed Findings of

Fact and Recommendation. Obj. [45] at 1-3. However, none of these objections address the Magistrate Judge's finding that there was insufficient evidence of any policy, practice, or custom of Pearl River County that caused Plaintiff's alleged constitutional deprivations.

## II. DISCUSSION

A. Standard of Review

Because Plaintiff has filed written Objections [45] to the Magistrate Judge's Proposed Findings of Fact and Recommendation, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Rule 8(b) of Rules Governing Section 2254 Cases in the United States District Courts. "Such review means that this Court will examine the entire record and will make an independent assessment of the law." *Lambert v. Denmark,* Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013). In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

Where no party has objected to the Magistrate Judge's Proposed Findings of Fact and Recommendation, the Court need not conduct a *de novo* review of it. 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864

F.2d 1219, 1221 (5th Cir. 1989).

B.   <u>Plaintiff's Claims</u>

For Pearl River County to be held liable under § 1983, there must be "proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski*, 237 F.3d at 578. A county "cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691.

Plaintiff has not objected to the Magistrate Judge's finding that no evidence was presented of any policy, practice, or custom of Pearl River County that caused Plaintiff's alleged constitutional deprivations. This finding is not clearly erroneous, an abuse of discretion, or contrary to law, and this finding is determinative of Plaintiff's claims. Without evidence of any policy, practice, or custom of Pearl River County, Plaintiff's § 1983 claims against the County fail as a matter of law. *See Piotrowski*, 237 F.3d at 578. The Magistrate Judge's Proposed Findings of Fact and Recommendation will be adopted as the finding of this Court, and Pearl River County's Motion for Summary Judgment will be granted. Plaintiff's Objections do not address this dispositive issue and will be overruled.

Even if the Court applied a de novo review, the result would not change. Having conducted a de novo review of the record, the Court agrees with the conclusions reached by the Magistrate Judge. Plaintiff has not supplied competent summary judgment evidence sufficient for Pearl River County to be held liable under § 1983. *See id.*

III.  CONCLUSION

For the reasons stated herein, Plaintiff's Objections will be overruled, and the Magistrate Judge's Proposed Findings of Fact and Recommendation will be adopted as the finding of this Court.  Pearl River County's Motion for Summary Judgment will be granted, and this case will be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Senque Santanze Wright's Objections [45] to the Proposed Findings of Fact and Recommendation [43] of United States Magistrate Judge Robert H. Walker are **OVERRULED**, and the Proposed Findings of Fact and Recommendation [43] of United States Magistrate Judge Robert H. Walker, entered in this case on November 7, 2014, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Pearl River County's Motion for Summary Judgment [34] is **GRANTED**, and this civil action is **DISMISSED WITH PREJUDICE**.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 18th day of February, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE